UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 16-06939 CJC (AFM)**                                                   Date:  **December 19, 2018**

Title  **Isaac Ortiz v. J. Gastelo, et al.**

---

Present:  The Honorable:    ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order to Show Cause**

On November 2, 2018, defendants R. Ochoa, K. Cox and J. Gastelo filed a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Defendants also provided a notice to plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1988) (ECF No. 154), which stated as follows:

### *RAND* WARNING

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Case No.  **CV 16-06939 CJC (AFM)**                                   Date:  **December 19, 2018**

Title    **Isaac Ortiz v. J. Gastelo, et al.**

## CENTRAL DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS

Aside from the *Rand* warning, Plaintiff is advised to review the applicable local rules concerning opposing summary judgment. In particular, Local Rule 56-2 requires you to serve and file with your summary-judgment opposition "a separate document containing a concise 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated."

On November 6, 2018, the Court issued a briefing schedule ordering plaintiff to file his opposition to defendants' motion for summary judgment and separate statement of genuine issues no later than December 7, 2018. The Court also provided plaintiff with a suggested format for the statement of genuine issues. Plaintiff was advised that failure to oppose a motion may be construed as consent to the granting of the motion and may result in the recommendation that the action be dismissed. Local Rule 7-12. The docket sheet shows that, as late as the date of the present order, plaintiff has not filed an opposition and statement of genuine disputes.

Accordingly, IT IS ORDERED that on or before **January 9, 2019**, plaintiff shall show cause in writing why plaintiff's failure to file an opposition and statement of genuine disputes should not be deemed to be consent by plaintiff to the granting of defendants' motion for summary judgment and to the dismissal of the case based on plaintiff's failure to file an opposition and a separate statement of genuine issues as required by the November 6, 2018 Order (ECF No. 55).

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |